Filed 9/25/14  Sapp v. Super. Ct. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LISA SAPP et al.,<br><br>Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>GWENDOLYN TRIPLETT et al.,<br><br>Real Parties in Interest. | B256088<br>(Super. Ct. Nos. BC536146, 14U03062, 14U03061, 14U02876) |

Petition for writ of mandate to the Los Angeles Superior Court.  Kevin Brazile, Deborah Christian, Judges.  Petition granted.

Lee & Fields, Edward Y. Lee, David A. Figueroa, for Petitioners.

No appearance for Respondent.

Dennis P. Block & Associates, Dennis P. Block, for Real Party In Interest.

_____

Petitioners Lisa Sapp, James Carrey Blount, Kathy Bush, and Darlene Wallace (collectively the Sapp parties), are plaintiffs in a civil action arising from a sale of the stock cooperative housing program in which they allegedly own residential units, and are defendants in separate unlawful detainer actions filed by the property's alleged purchaser. They seek review of orders of the trial court denying their application for consolidation of the actions, which they sought in order to prevent the trial of their rights to title to the property under the summary procedures that apply to unlawful detainer proceedings. We grant the requested relief.

## Background

The Sapp parties filed an unlimited civil action in the Los Angeles Superior Court, No. BC536146. Their March 5, 2014, first amended complaint alleges claims against individual defendants Gwendolyn Triplett and Latonya Higgins, against San Pedro Townhouses #1, Inc., a stock cooperative housing program sponsored by the federal Department of Housing and Urban Development (the Association), and against Exusia Investment Company, LLC (Exusia).[1] The pleading alleges breach of fiduciary duty, fraud and intentional misrepresentation, negligent misrepresentation, and conversion, seeking an accounting, preliminary and permanent injunction, and declaratory relief (against the individual defendants and the Association), and quiet title and cancellation of instruments against Exusia. Triplett and Higgins, acting as the Association's board of directors, are alleged to have converted and misappropriated Association income and assets, fraudulently misrepresenting to others that they individually owned each of the units within the Association including the units owned by the petitioners, and

---

[1] The Association is alleged to have been incorporated on February 29, 1972, under California's general nonprofit corporation law, "to provide housing on a mutual nonprofit basis [under title 2, section 236, of the National Housing Act] for families and persons of lower income . . . ."

2

surreptitiously and without authority selling the Association's property, including the petitioners' units, to Exusia.[2]

Also on March 5, 2014, Exusia filed four actions for unlawful detainer pursuant to three-day notice against the petitioners, alleging that on or about February 4, 2014, the Sapp parties had sold the units to Exusia and are holdover tenants on the property. On March 13, 2014, the Sapp parties answered the unlawful detainer complaints and filed a notice identifying case No. BC536146 and the unlawful detainer cases as related cases.[3]

On March 28, 2014, Judge Kevin Brazile ruled in case No. BC536146 that case No. BC536146 and the unlawful detainer cases are not related cases. On April 16, 2014, Judge Brazile denied an ex parte application to consolidate the cases.[4]

The unlawful detainer actions were scheduled for trial on May 8, 2014. On May 7, 2014, the Sapp parties filed this petition. They also requested a stay of the unlawful detainer proceedings pending the petition's determination. This court stayed the unlawful detainer proceedings, and on June 19, 2014, entered an order directing respondent superior court to show cause why a peremptory writ should not issue ordering it to vacate its April 16, 2014 order denying petitioners' application to consolidate case No.

---

[2] The petitioners claim ownership of four of the Association's eight residential units; that real parties in interest Triplett and Higgins each own one unit; and that the Association owns the two remaining units, which it rents to individual tenants. Sapp, for example, claims to have lived since her early childhood in her home in San Pedro Townhomes; that her mother purchased the unit on June 1, 1982, and on July 3, 2001, transferred her shares in the stock cooperative, representing the units ownership, to Sapp. Sapp paid off the property's mortgage debt on November 30, 2012.

[3] The record leaves uncertain whether three or four unlawful detainer actions are involved, a matter that the parties do not address and that has no apparent impact on our ruling in this proceeding. We ignore it.

[4] The ex parte application asked that in the alternative if consolidation were denied, for an order shortening time to hear the motion to consolidate or for a stay of the unlawful detainer proceedings until determination of the quiet title action.

BC536146 and unlawful detainer actions Nos. 14U03062, 14U03061 and 14U02876, and to enter a new and different order granting same.[5]

## Discussion

Mandate is appropriate to review an order denying consolidation of cases. (*Martin-Bragg v. Moore* (2013) 219 Cal.App.4th 367, 385.) "Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way." (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 851.) The petitioners' unlimited civil action raises issues of title that, if established in their favor, would negate the facts and conditions on which Exusia's claim of title and right to possession depend. We therefore hold that the trial court abused its discretion by refusing to grant petitioners' request for consolidation or other relief from the summary procedures that govern unlawful detainer actions, for unlimited civil action in case No. BC536146, in which the respective parties' right to title to the property is a controlling issue.

Ordinarily the only triable issue in an unlawful detainer proceeding is the right to possession of the disputed premises, along with any incidental damages that result from the property's unlawful detention. (*Larson v. City and County of San Francisco* (2011) 192 Cal.App.4th 1263, 1297; Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2012) ¶ 8:4, p. 8-1 (rev. # 1, 2011).) Issues of title to the property ordinarily cannot be adjudicated in an unlawful detainer action. (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1072; Friedman, *supra*, ¶ 7:267, p. 7-58.15 (rev. # 1, 2012).) The denial of some procedural rights in unlawful detainer cases is deemed necessary in order to prevent frustration of the summary proceedings by the introduction of delays and extraneous issues. (*Markham v. Fralick* (1934) 2 Cal.2d 221, 227; *Martin-Bragg v. Moore*, *supra*, 219 Cal.App.4th at p. 385.)

---

[5] Real party in interest Exusia has filed opposition to the petition; individual parties Triplett and Higgins have not appeared.

4

However, Code of Civil Procedure section 1148 provides trial courts with discretion to consolidate pending actions that involve common questions of law or fact; and applicable case law (unmentioned by Exusia in this court and in the trial court) requires the consolidation of actions that involve the same parties, witnesses, evidence, and questions of law and fact, in order to avoid substantial prejudice to a party.

When allegations in pending unlawful detainer and unlimited civil actions demonstrate that the unlawful detainer plaintiff's title might be insufficient to justify relief, and that the unlawful detainer defendant might be entitled to quiet title to the disputed property, a trial court abuses its discretion by refusing relief from the summary procedures that apply to unlawful detainer proceedings, as to trial of the issue of the property's ownership. (*Martin-Bragg v. Moore*, *supra*, 219 Cal.App.4th at pp. 385, 395.) Under such circumstances the cases should be granted consolidation or some equivalent relief from the summary procedures that apply to unlawful detainer proceedings: "When an unlawful detainer proceeding and an unlimited action concerning title to the property are simultaneously pending, the trial court in which the unlimited action is pending may stay the unlawful detainer action until the issue of title is resolved in the unlimited action, or it may consolidate the actions. [Citation.] If it does neither and instead tries the issue of title under the summary procedures that constrain unlawful detainer proceedings, the parties' right to a full trial of the issue of title may be unfairly expedited and limited. If complex issues of title are tried in the unlawful detainer proceeding, the proceeding loses its summary character; defects in the plaintiff's title 'are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment.' [Citations.]" (*Id.* at p. 385.)

These circumstances are shown by the record in this proceeding. Exusia's right to unlawful detainer is dependent on its title to the properties for which it seeks unlawful detainer. A pending civil action, as well as affirmative defenses to the unlawful detainer complaints, allege facts that, if established, might entitle the petitioners to quiet title to those properties against Exusia and therefore might defeat Exusia's right to prevail in its unlawful detainer actions. Exusia's right to unlawful detainer thus depends on the

5

outcome of the quiet-title action, an unlimited civil action to which the summary procedures that govern unlawful detainer proceedings do not apply. (Code Civ. Proc., §§ 1161, 1161a.) The controlling interests of the parties in the various actions, taken collectively, are identical, resting on the validity of Exusia's purported purchase of the property that encompasses the residential units allegedly owned by each of the petitioners.

In this case, as in *Martin-Bragg v. Moore*, *supra*, 219 Cal.App.4th 367, the right to unlawful detainer depends on the outcome of the quiet title action, which cannot be made subject to the summary unlawful detainer procedures. As we held in *Martin-Bragg v. Moore*, an action for unlawful detainer can co-exist with other causes of action "only 'so long as the entire case is treated as an ordinary civil action, not as a summary proceeding.'" (*Id.* at p. 387; *Lynch & Freytag v. Cooper* (1990) 218 Cal.App.3d 603, 608.)

The trial court did not identify on the record the grounds on which it denied the petitioners' requests for consolidation. Nor does Exusia's opposition to consolidation in either the trial court or this court identify any sufficient basis for the denial. Exusia alleges that it is a bona fide purchaser of the property, and that the facts alleged by petitioners fail to allege wrongdoing by Exusia sufficient to support consolidation. But it does not deny that its unlawful detainer claims depend on the validity of its title to the property, nor that its right to title is at issue in both the quiet title action and the unlawful detainer cases. Exusia alleges that being deprived of the expedited unlawful detainer procedures would result in irreparable injury, that the petitioners would be able to occupy the property without paying rent (which might not be collectable following a disposition favorable to Exusia), and that the consolidated cases would cause "the thousands in damages and legal fees" that Exusia has already incurred to "grow exponentially"; but it identifies no factual bases for these claims.[6]

---

[6] Because Exusia intended to hold the property for rental rather than to reside in it, its potential damages from delay in the proceedings are only monetary. Application of the summary procedures of unlawful detainer to the petitioners, on the other hand, would

6

The authorities on which Exusia relies in opposing consolidation provide it no support. In *Mobil Oil Corp. v. Superior Court* (1978) 79 Cal.App.3d 486, the trial court granted relief from the trial court's stay of an unlawful detainer proceeding pending trial of the tenant gasoline station's action alleging the improper termination of its franchise. But here, unlike in the *Mobil Oil* case, the issue is not merely restoration of a tenant's lease founded on its franchise contract, but quiet title to the property from which ouster is sought. And in *Gonzales v. Gem Properties, Inc.* (1974) 37 Cal.App.3d 1029, the court confirmed that an adjudication of fraud under summary unlawful detainer procedures could not result in a binding determination of title. (*Id.* at pp. 1036-1037.)

As noted above, in more recent cases that are neither cited nor discussed by Exusia, the law recognizes that the pendency of complex issues of title justify and may require consolidation or equivalent relief from the expedited and summary procedures that govern typical unlawful detainer proceedings. (*Martin-Bragg v. Moore*, *supra*, 219 Cal.App.4th 367; *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 147 [compromise of summary procedures of unlawful detainer action is justified because due process precludes homeowners' eviction without the opportunity to adjudicate affirmative defenses of fraud, which, if proved, would demonstrate their right to ownership and possession]; *Mehr v. Superior Court* (1983) 139 Cal.App.3d 1044, 1047-1050 [unlawful detainer defendants' claim that plaintiff's title was obtained by fraud required trial court to stay execution of unlawful detainer judgment upon reasonable conditions for the protection of parties' interests]; *Berry v. Society of Saint Pius X* (1999) 69 Cal.App.4th 354, 364, fn. 7 [treatment of unlawful detainer action as ordinary civil action for declaratory relief was justified because summary remedy of unlawful detainer is not proper vehicle for litigation of complex issues of title]; see *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 32 [sanctions imposed for appellant's failure to address most

potentially deprive them of their constitutional rights to due process in the adjudication of their right to continue residing in their long-held residential units. (See *Lindsey v. Normet* (1972) 405 U.S. 56, 64–66 [applying summary unlawful detainer procedures is not constitutionally justified when complex issues of title require subordination of due process to the summary procedures of unlawful detainer].)

7

pertinent legal authority]; *Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 884-885 [same].)

The Sapp parties' pleadings in these actions demonstrate a right to relief on the merits of their petition. The law is clear that trial courts have available various procedural options—including consolidation—to address the parties legitimate rights and to provide the unlawful detainer plaintiff with reasonable protection from unjustified delay of the proceedings while affording reasonable and fair opportunities for discovery and preparation for trial of the issues of title on which the right to the unlawful detainer remedy depends. (*Martin-Bragg v. Moore*, *supra*, 219 Cal.App.4th at p. 393.) The trial court abused its discretion by failing to grant any such available options.

The Sapp parties' petition also satisfies the other requirements for mandate. The order denying consolidation is not an appealable order (Code Civ. Proc., § 904.1, subd. (c)); and review by appeal from a final judgment in either the quiet title action or the unlawful detainer actions could not afford timely or effective relief.

## Disposition

Let a peremptory writ of mandate issue directing respondent court to vacate the order of April 16, 2014, in Los Angeles Superior Court case No. BC536146, denying consolidation of that case with Los Angeles Superior Court unlawful detainer case Nos. 14U03062, 14U03061, and 14U02876, and to enter a new and different order either granting consolidation of the actions for further proceedings, or granting such other relief as will permit the issues of title raised by case No. BC536146 to be heard and determined before trial of unlawful detainer case Nos. 14U03062, 14U03061, and 14U02876, without the restrictions that otherwise apply to actions for unlawful detainer.

8

Petitioners to recover their costs in this proceeding, without prejudice to any additional recovery to which they may be entitled.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


JOHNSON, J.


MILLER, J.<sup>*</sup>

---

<sup>*</sup> Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.